**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:15-cv-24172-UU**

CARMEN M. RAMOS,

Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

Defendant.
_____________________________/

**PLAINTIFF'S MOTION IN *LIMINE***
**TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE**

Plaintiff Carmen Ramos, by and through her undersigned counsel, hereby files this Motion in *Limine*, pursuant to Federal Rule of Evidence 104, for an order from this Honorable Court (i) declaring certain matters described herein inadmissible at trial and (ii) preventing the Defendant and their counsel from making any attempt to introduce any such inadmissible matters.

**SPECIFIC MATTERS SOUGHT TO BE EXCLUDED**

1. The Plaintiff asks that this Honorable Court exclude in trial any reference by the Defendant and their counsel as to the Plaintiff's secondary loss mitigation application to the Defendant that was submitted in October of 2015, including but not limited to correspondence related to this secondary application and the denial letter sent by the Defendant to the Plaintiff dated January 26, 2016.

**INTRODUCTION**

3. This is an action brought by the Plaintiff on November 6, 2016 primarily for statutory and actual damages that stem from the Defendant's repeated violations of (i)

the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), (ii) the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA") and (iii) the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq*. ("ECOA").

4. The Defendant's twelve (12) violations of TILA, RESPA and the ECOA at issue in this suit took place between January of 2015 and September of 2015.

5. After the instant lawsuit was filed, the Plaintiff continued her efforts to obtain a good faith lawful review of her application for loss mitigation assistance from the Defendant, which ultimately led to the Defendant denying the Plaintiff any loss mitigation assistance on or about January 26, 2016. The Plaintiff had hoped that the Defendant would offer to modify her existing loan with the Defendant on favorable terms that might even resolve the instant lawsuit.

6. The Plaintiff now fears that the Defendant will attempt to utilize the January 26, 2016 denial of her loss mitigation application to sway the jury and mislead them into believing that the denial of the application should impact their determination of the amount of damages that she should be awarded in this matter.

**ARGUMENT AND MEMORANDUM OF LAW**

7. Pursuant to Local Rule 7.1(a), the Plaintiff now incorporates this memorandum of law to support this Honorable Court in determining whether the relief now sought by the Plaintiff is due.

8. This Court need look no further than Federal Rule of Evidence 103(d) for authority to grant the relief now sought, which states that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Whether or not the Plaintiff was eligible for loss mitigation assistance

from the Defendant is completely irrelevant to the elements of the claims in the instant action. Any such evidence of eligibility or the Defendant's January 26, 2016 denial of the Plaintiff's application for loss mitigation assistance would be solely introduced by the Defendant to invade the jury with irrelevant evidence, which would prejudice the Plaintiff's case.

9. Federal Rule of Evidence 402 makes it clear that "[i]rrelevant evidence is not admissible." Such a determination is inescapable in this case.

10. Nevertheless, even if this Honorable Court were to find the evidence now sought by the Plaintiff to be excluded as relevant, the Court could still exclude such evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Although the Plaintiff believes that the evidence at issue is not relevant to the claims brought by the Plaintiff against the Defendant, if this Honorable Court were to disagree, the Plaintiff would ask that the Court exclude the evidence at issue due to the danger of unfair prejudice, confusing the issues and misleading the jury.

11. The trier of fact in this case will be asked to decide whether the Defendant violated RESPA, TILA and the ECOA based upon the evidence put before them. They will then be asked to determine the amount of damages due to the Plaintiff and caused by the Defendant's violations as alleged.

12. This Honorable Court has the inherent authority to grant the instant Motion in order to ensure that the Plaintiff is afforded a fair trial. *Luce v. United States*, 469 U.S. 38, 41 (1984). In order to ensure that the Defendant does not impede this

Honorable Court in its effort to afford all parties a fair trial, the Plaintiff asks this Court to use its inherent powers and grant the instant Motion in its entirety. The granting of this Motion before trial will prevent the Defendant from placing improper and prejudicial issues before the jury through argument or questioning, which the jury should not be considering as it is not evidence. *Saunders v. Alois*, 604 So.2d 18, 20 (Fla. 4th DCA 1992).

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court grant the instant Motion and enter an order (i) declaring the matters described herein inadmissible at trial and (ii) preventing the Defendant and their counsel from making any attempt to introduce any such inadmissible matters.

Dated: July 15, 2016

Respectfully submitted,

**JACOBS | KEELEY, PLLC**
ALFRED I. DUPONT BUILDING
169 EAST FLAGLER ST., SUITE 1620
MIAMI, FLORIDA 33131
TEL (305) 358-7991
FAX (305) 358-7992
**SERVICE EMAIL: EFILE@JAKELEGAL.COM**

BY: /S/ COURT E. KEELEY
COURT E. KEELEY, B.C.S
FLORIDA BAR NO. 23441

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

**I HEREBY CERTIFY** that I have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and we have been unable to resolve the issues raised.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing pleading shall be served by email upon the Defendant's counsel of record in this action this the 20th day of June 2016 to McGuire Woods, LLP, located at 50 N. Laura Street, Suite 3300, Jacksonville, Florida 32202-3661, by delivering a copy of said pleading to their attorneys who have filed notices of appearance in this action: (i) Miss Monica L. Haddad Forbes at MForbes@McGuireWoods.com, (ii) Miss Emily Yandle Rottman at ERottmann@McGuireWoods.com, (iii) Miss Sara F. Holladay-Tobias at SFHollad@McGuirewoods.com and to (iv) Miss Holly R. Stevens at HStevens@McGuireWoods.com.