**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:15-cv-24172-UU**

CARMEN M. RAMOS,

Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

Defendant.
_____________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO "DEFENDANT'S MOTION TO EXCLUDE OR LIMIT WITNESSES AND WITNESS TESTIMONY WITH INCORPORATED MEMORANDUM OF LAW" FILED ON JULY 8, 2016**

Plaintiff Carmen Ramos, by and through her undersigned counsel, hereby files this response to the "Defendant's Motion to Exclude or Limit Witnesses and Witness Testimony With Incorporated Memorandum of Law" that the Defendant filed on July 8, 2016 pursuant to Local Rule 7.1(c). For the grounds raised herein, the Plaintiff would respectfully request that this Honorable Court deny the Defendant's Motion in its entirety.

**THE PLAINTIFF'S WITNESSES ARE NOT "EXPERT" WITNESSES AND ARE THEREFORE NOT REQUIRED TO PRODUCE ANY REPORTS PURSUANT TO FED. R. CIV. P. 26(a)(2)**

As an initial matter, the Defendant complains in their Motion that "no reports have been submitted for any purported experts as required by Fed. R. Civ. P. 26(a)(2)," apparently assuming that the Plaintiff specifically employed or retained the witnesses disclosed to the defense to provide expert testimony in this case. The Defendant is mistaken and therefore these witnesses are not required to provide any written reports to the Defendant. Fed. R. Civ. P. 26(a)(2)(B) clarifies that written reports are only required

"if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Respectfully, none of the witnesses listed by the Plaintiff fall within this category and thus, no reports were due. *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011).

In an abundance of caution, although most of the witnesses at issue are not expected to be testifying as "experts" as that term is used within the rules of civil procedure, the Plaintiff within her disclosures to the Defendant provided both (i) the subject matter on which the witnesses are expected to present evidence and (ii) a summary of the facts to which the witnesses are expected to testify in order to comply with Fed. R. Civ. P. 26(a)(2)(C). The Plaintiff did so for each and every witness disclosed. Furthermore, even if the Plaintiff's witnesses in this case which are at issue in the Defendant's Motion were found to be "experts" by this Honorable Court, expert disclosures are not required if an expert is being called to give percipient factual testimony, as they are in this case. *Ryan Development Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170-71 (10th Cir. 2013); *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003).

**THE DEFENDANT'S ACTIONS WITHIN THE STATE FORECLOSURE CASE ARE DIRECTLY RELEVANT**

The Defendant's Motion next complains that any testimony regarding the state foreclosure action, a public court case that is inextricably intertwined with the Plaintiff's instant action, should somehow be excluded from evidence in this matter because it would be "irrelevant, privileged, and have no bearing on the actual claims and issues in"

the instant action. However, upon review this Honorable Court should come to the unavoidable conclusion that Defendant's actions within the state foreclosure case are directly material, relevant and inextricably intertwined with the claims at issue in the instant action.

One has to look no further than the "dual tracking" violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA") alleged within Counts Seven (7), Eleven (11) and Twelve (12) of the instant Complaint to see how glaringly relevant that the Defendant's actions within the state foreclosure action are to this case. To claim that the Plaintiff cannot seek to admit evidence of these violations on the basis of relevancy or privilege would undermine the purpose of the protections afforded to homeowners by RESPA. Specifically, 12 C.F.R. 1024.41(g) of Regulation X, which is a regulation promulgated pursuant to RESPA states as follows:

> (g) **Prohibition on foreclosure sale**. If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, ***a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale***, unless:
>
> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
>
> (2) The borrower rejects all loss mitigation options offered by the servicer; or
>
> (3) The borrower fails to perform under an agreement on a loss mitigation option.
>
> [Emphasis added]

A plain reading of Regulation X shows that the Defendant in this case cannot shield itself from liability on the basis that their actions that violate Regulation X were somehow privileged because they were taken within the state foreclosure action. Such a result would not only contravene the clear language of Regulation X but would also be unjust. Regulation X was passed to protect homeowners from this exact situation. No longer can mortgage servicers give homeowners the habitual "run around" in a homeowner's efforts to seek loss mitigation while surreptitiously seeking to foreclose upon or sell that same homeowner's primary residence.

**THE PLAINTIFF'S WITNESSES' TESTIMONY IS NOT DUPLICATIVE**

Lastly, the Defendant's Motion complains that the Plaintiff's calling of up to twelve witnesses "to testify about the emotional harm she allegedly suffered" is somehow duplicative. By their own admission, the Defendant makes clear that they intend to make the argument at trial that the claim of damages sought within the Plaintiff's Complaint are mere "allegations" and not warranted. In order to overcome this argument, the Plaintiff should not be limited in its presentation of evidence by this Honorable Court at the Defendant's urging. The Plaintiff and her counsel are respectful of both the scarcity of judicial resources and the time that it will take to fully and properly adjudicate these matters at trial in the instant case. The witnesses listed by the Plaintiff were done so in the spirit of Fed. R. Civ. P. 26(a) and 26(e). In all candor to the tribunal and opposing counsel, not every witness disclosed are currently intended to be called at trial in this matter. Only those witnesses deemed most relevant and persuasive shall be called to present the Plaintiff's case in this matter. The Plaintiff intends to fully comply with this Honorable Court's Scheduling Order For Pretrial Conference and Trial entered on

January 14, 2016 which requires that the parties submit a "numbered list of trial witnesses, with their address, separately identifying those whom the party expects to present, those whom the parties may call if the need arises, and those who will testify as experts."

Fed. R. Evid. 403 only allows this Honorable Court to exclude relevant evidence if its probative value is "substantially outweighed by the danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Each of the witnesses listed have observed different things at different times. Their testimony is not duplicative as the Defendant contends within their Motion without support.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court deny the "Defendant's Motion to Exclude or Limit Witnesses and Witness Testimony With Incorporated Memorandum of Law" in its entirety.

Dated: July 20, 2016

Respectfully submitted,

**JACOBS | KEELEY, PLLC**
ALFRED I. DUPONT BUILDING
169 EAST FLAGLER ST., SUITE 1620
MIAMI, FLORIDA 33131
TEL (305) 358-7991
FAX (305) 358-7992
**SERVICE EMAIL: EFILE@JAKELEGAL.COM**

BY: /S/ COURT E. KEELEY
COURT E. KEELEY, B.C.S
FLORIDA BAR NO. 23441

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing pleading shall be served by email upon the Defendant's counsel of record in this action this the 20th day of July 2016 to McGuire Woods, LLP, located at 50 N. Laura Street, Suite 3300, Jacksonville, Florida 32202-3661, by delivering a copy of said pleading to their attorneys who have filed notices of appearance in this action: (i) Miss Monica L. Haddad Forbes at MForbes@McGuireWoods.com, (ii) Miss Emily Yandle Rottman at ERottmann@McGuireWoods.com, (iii) Miss Sara F. Holladay-Tobias at SFHollad@McGuirewoods.com and to (iv) Miss Holly R. Stevens at HStevens@McGuireWoods.com.